# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10987
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAY SERUBANDO FLORES-VILLAGOMES,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-376-1

————————————————————

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Ray Serubando Flores-Villagomes appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326. For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10987

facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  While Flores-Villagomes acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.  The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Thus, Flores-Villagomes is correct that his argument is foreclosed.  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time is DENIED.